IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH RAY SCOTT, PRO SE, § | | |
| also known as KENNETH SCOTT, § | | |
| TDCJ-CID No. 1117773, § | | |
| Previous TDCJ-CID No. 783726, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:10-CV-0165 | |
| § | | |
| WILLIAM BRYAN, Lieutenant, and § | | |
| JULIA JETT, CO III, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff KENNETH RAY SCOTT, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his Complaint, plaintiff claims defendant JETT filed a false disciplinary report and defendant BRYAN prepared a false investigative report, all with respect to a May 2, 2009 incident. Plaintiff received a disciplinary report for assaulting an officer by walking into the officer's left arm after being told to stop and not to come up to 2 row. Plaintiff disputes the officer's version of the facts and asks the Court to overturn his disciplinary case or order a new hearing.

Upon review of plaintiff's complaint, the Court issued a show cause order, giving plaintiff thirty days to show cause why his claim should not be dismissed for failure to state a

claim on which relief can be granted. Plaintiff responded by filing a "Request to Withdraw Complaint" conditioned upon forgiveness of the filing fee already ordered.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Plaintiff's requested relief must be pursued through a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## CONCLUSION

For the reasons set forth above, pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff KENNETH RAY SCOTT is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. Plaintiff's claims sounding in habeas corpus are DISMISSED WITHOUT PREJUDICE TO BEING REASSERTED BY WAY OF A PETITION FOR WRIT OF HABEAS CORPUS BY A PRISONER IN STATE CUSTODY.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the 28th day of July, 2010.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
United States District Judge